IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lincoln National Life Insurance Company, | ) |
| | ) C.A. No. 8:10-2815-HMH |
| Plaintiff, | ) |
| | ) |
| vs. | ) **OPINION AND ORDER** |
| | ) |
| Vena Rae Parker, John Randall Parker, and | ) |
| Patricia Elaine Baldwin, | ) |
| | ) |
| Defendants | ) |

Lincoln National Life Insurance Company ("Lincoln") filed this interpleader action to determine the apportionment of policy proceeds among the claimed beneficiaries to a life insurance policy. Lincoln also requests that it be dismissed as a party and that the court issue a permanent injunction enjoining Defendants from instituting "any action or proceeding against Lincoln, the Policy, or the Policy Proceeds in any federal or state court." (Pl. Mot. Determination Interpleader 5.) For the reasons explained below, the court dismisses Liberty from this action and grants its request for an injunction.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On September 24, 2002, Liberty issued a life insurance policy ("the Policy") insuring the life of Roy Edward Baldwin (the "Insured") in the amount of $25,000.00. (Compl. Ex. 1 (Life Insurance Policy, generally).) The insured died on June 20, 2010. (Id. ¶ 10.) Defendants dispute the amount of proceeds each is entitled to receive pursuant to the Policy. (Id. ¶ 13.) Unable to determine apportionment of the proceeds, Lincoln commenced this interpleader action on November 1, 2010, and on November 30, 2010, it tendered the policy proceeds plus interest

1

at the rate of two and one-half percent (2.5%) per year (a total of $25,235.32) into the court registry.  (Pl. Mot. Determine Interpleader 2.)  Defendants Vena Rae Parker and John Randall Parker ("the Parkers") filed a cross-claim against Patricia Elaine Baldwin ("Baldwin").  Baldwin subsequently asserted a counterclaim and crossclaim for declaratory relief against Lincoln and the Parkers.  On January 13, 2011, Lincoln filed a motion for determination of interpleader and motion to dismiss.  The Parkers filed a response consenting to Lincoln's motion and the relief requested therein.  (Parker Resp. 1.)  Defendant Patricia Elaine Baldwin failed to respond to Lincoln's motion.  This matter is ripe for review.

## II.  Discussion of the Law

Federal district courts have original jurisdiction over civil interpleader actions filed by a party possessing five hundred dollars or more when (1) two or more adverse claimants of diverse citizenship claim entitlement to the money and (2) the money has been deposited to the court.  28 U.S.C. § 1335(a).  Statutory interpleader constitutes "an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund."  Sec. Ins. of Hartford v. Arcade Textiles, Inc., No. 01-2101, 2002 WL 1473417, at *1 (4th Cir. July 10, 2002) (unpublished).

Lincoln claims that a statutory interpleader action is appropriate because the jurisdictional requirements are satisfied and because it faces multiple, adverse claimants to the proceeds of the Insured's life insurance policy.  The court agrees.  The Parkers reside in South Carolina, and Baldwin resides in Kansas.  Because they are adverse claimants and citizens of different states, § 1335(a)'s diversity requirement is satisfied.  Further, Lincoln has deposited $25,235.32 into the court registry, thereby satisfying the amount in controversy requirement and

its obligation to deposit the proceeds with the court.  Given that the Defendants have asserted competing claims to the policy proceeds, Lincoln has established that interpleader is appropriate.

Lincoln requests that it be dismissed as a party and that the court issue a permanent injunction enjoining Defendants from instituting an action against it, the policy, or the policy proceeds.  Pursuant to 28 U.S.C. § 2361, the court is authorized to "discharge the plaintiff from further liability" and issue an injunction restraining claimants "from instituting or prosecuting any proceeding in any State or United States court affecting" the matter involved in the interpleader action.  Such relief protects the stakeholder from "vexatious and multiple litigation," and is especially appropriate when, as here, "a stakeholder, faced with rival claims to the fund itself, acknowledges–or denies–his liability to one or the other of the claimants."  State Farm Fire & Cas. Co v. Tashire, 386 U.S. 523, 534 (1967).  The Parkers consented to Lincoln's dismissal as a party and did not oppose its request for injunctive relief.  (Parker Resp. 1.)  In her answer, Baldwin admitted to Lincoln's allegation that Lincoln should be "discharged from any and all liability to all of the Defendants; that it be discharged from any and all liability under the Policy; and that the Court declare the rights of the parties in this case or controversy."  (Baldwin Answer ¶ 10; Compl. ¶ 20.)  Based on the foregoing, the court finds that Lincoln should be dismissed from this action and that a restraining order is appropriate to protect Lincoln against duplicative litigation.

It is therefore

**ORDERED** that Lincoln's motion, docket number 33, is granted. It is further

**ORDERED** that Lincoln is dismissed from this action. It is further

**ORDERED** that the claimants shall be permanently enjoined from initiating, instituting, or prosecuting any action, in any State or United States Court against Lincoln pursuant to the Insured's policy.

**IT IS SO ORDERED.**

        s/Henry M. Herlong, Jr.
        Senior United States District Judge

Greenville, South Carolina
February 7, 2011