IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lincoln National Life Insurance Company, | ) |
| | ) C.A. No. 8:10-2815-HMH |
| Plaintiff, | ) |
| | ) |
| vs. | ) **OPINION AND ORDER** |
| | ) |
| Vena Rae Parker, John Randall Parker, and | ) |
| Patricia Elaine Baldwin, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Defendants Vena Rae Parker and John Randall Parker's motion for summary judgment. For the reasons explained below, the court denies summary judgment.

### I. FACTUAL AND PROCEDURAL HISTORY

In September 2002, Roy Baldwin (the "Insured") procured a $25,000.00 life insurance policy from Lincoln National Life Insurance Company ("Lincoln"). (Compl. ¶ 9.) The Insured died on June 20, 2010 of pemphigus vulgarus, an autoimmune disorder, and cancer. (Baldwin Resp. Opp'n Mot. Summ. J. Exs. (Baldwin Aff. ¶¶ 4, 6).) John Randall Parker, the Insured's son, and his wife Vena Rae Parker ("the Parkers") claim they collectively are entitled to 98 percent of the policy proceeds pursuant to a change in beneficiary form the Insured executed in February 2010. (Parker Mem. Supp. Mot. Summ. J. 3.) Patricia Elaine Baldwin, the Insured's daughter-in-law, challenges the validity of the February 2010 beneficiary modification, maintaining that the Insured lacked the mental capacity to modify his life insurance policy. (Baldwin Resp. Opp'n Mot. Summ. J., generally.) According to Baldwin, she is the sole

primary beneficiary of the life insurance policy under a beneficiary designation form the Insured executed in August 2006.  (Id. 1-2.)

Unable to determine the apportionment of the policy proceeds, Lincoln commenced this interpleader action on November 1, 2010.  Lincoln subsequently tendered the policy proceeds to the court registry, and on February 7, 2011, the court dismissed Lincoln as a party.  On May 27, 2011, the Parkers moved for summary judgment.  Baldwin filed a response opposing summary judgment on June 13, 2011.  The Parkers filed a reply to Baldwin's response on June 21, 2011.  This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

The only issue disputed by the parties is whether the Insured had the requisite mental capacity to modify the beneficiary of his life insurance policy in February 2010.  Under South Carolina law, it is well established that parties executing a contract are presumed to possess the requisite mental capacity.  See Rouvet v. Rouvet, 696 S.E.2d 204, 209 (S.C. Ct. App. 2010) (noting that "[t]he burden of proving mental incompetency is upon the one seeking to establish it").  That presumption, however, can be rebutted upon a showing "by credible evidence that the subject, because of mental impairment, has become incapable of managing his own affairs whether from age, disease, or infliction."  Rogers v. Nation, 326 S.E.2d 182, 185 (S.C. Ct. App. 1985).  This standard requires examination into whether the party alleged to have lacked contractual capacity "was capable of comprehending the nature and effect of the transaction in question."  Grapner v. Atl. Land Title Co., 416 S.E.2d 617, 618 (S.C. 1992).

Baldwin contends that there is a genuine factual dispute regarding whether the Insured possessed the requisite mental capacity to modify the beneficiary of his life insurance policy.  In support of her contention, Baldwin includes the affidavits of numerous lay witnesses who were close to the Insured and who observed the effect of the Insured's medication regimen on his daily activities.  For example, Baldwin, the Insured's primary caretaker, averred that in February 2010 the Insured "was constantly disoriented and confused" due to his medication, and consequently, he was unable to care for himself.  (Baldwin Resp. Opp'n Mot. Summ. J. Exs. (Baldwin Aff. ¶¶ 5, 7).)  James Rothel ("Rothel"), who knew the Insured for more than thirty years, noted that the Insured experienced a "rapid decline in his physical and mental condition" during the last few years of his life and that at times the Insured was unable to recognize his children.  (Id. Exs. (Rothel Aff. ¶ 5).)  Rothel further averred that during the last six months of

the Insured's life, the Insured "would speak very little, but when he did it would be nonsense and he would often repeat himself." (Id. Exs. (Rothel Aff. ¶ 7).) Jeffry Atkins, the Insured's landlord, stated that the Insured was unable to even write a check for rent and that he "personally observed that [the Insured's] sickness was so severe that he just couldn't take care of himself or his own personal business." (Id. Exs. (Atkins Aff. ¶ 7).)

After reviewing the record in this case, the court concludes that Baldwin has proffered sufficient evidence to create a genuine factual dispute regarding whether the Insured had the requisite mental state to modify the beneficiary of his life insurance policy in February 2010. The court, therefore, denies the Parkers' motion for summary judgment.

It is therefore

**ORDERED** that the Parkers' motion for summary judgment, docket number 51, is denied.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
July 13, 2011